UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SARPRIO DORANTI,<br>a/k/a Elliot Holly, | Civil No. 13-1667 (DWF/LIB) |
| Petitioner,<br>v. | **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF HUMAN SERVICES,<br>Respondent. | |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility in Oak Park Heights, Minnesota. According to a website maintained by the Minnesota Department of Corrections, Petitioner is serving a prison sentence imposed by the state district court for Carlton County, Minnesota, following his conviction for fourth degree assault. However, Petitioner is not presently challenging his assault conviction, or the prison sentence that

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

he is presently serving.  Instead, Petitioner is challenging a judgment entered in 1992 in the state district court for Hennepin County, Minnesota, which caused him to be civilly committed as a "sexual psychopathic personality" under Minn.Stat. § 253B.185. (Petition, p. 1, §§ 1-4.)[2]  Petitioner appealed his civil commitment order, but his commitment was upheld by the Minnesota Court of Appeals.  (Id., pp. 1-2, § 8; see also Matter of Holly, No. C9-92-1055 (Minn.App. 1992), 1992 WL 238360 (unpublished opinion); Matter of Holly, No. C9-94-492 (Minn.App. 1994), 1994 WL 396314 (unpublished opinion), rev. denied, Sept. 28, 1994.)[3]

Petitioner's current habeas corpus petition lists four challenges to his civil commitment, which he has described as follows:

(1) "I was wrongfully exploited and placed at MSOP in solitary confinement;"

(2) "Conspiracy;"

(3) "Mental state;" and

(4) "My life is in great danger."[4]

---

[2]  The Court notes that most of Minnesota's civilly committed sex offenders are confined at the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota, which is in Carlton County, Minnesota.  Thus, it seems likely that Petitioner is currently imprisoned for an assault that he committed while previously confined at MSOP.

[3]  Petitioner has previously used the name "Elliot Holly."

[4]  Petitioner's fourth ground for relief, (and most of his other claims as well), appears to challenge the conditions of his prior confinement at MSOP, rather than the legality of the commitment order that caused his confinement.  Even if this action did not have to be dismissed for lack of jurisdiction, (as the Court recommends for the reasons discussed below), Petitioner could not challenge the conditions of his confinement at MSOP in the present habeas corpus action.  See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to

(Petition, pp. 4-5, § 12.)

In 2001, Petitioner commenced a habeas corpus action in this District, seeking a judgment that would invalidate his civil commitment and cause him to be released from MSOP. Holly v. Harry, Civil No. 01-1324 (JMR/FLN), [hereafter "Holly I"]. That case was assigned to Magistrate Judge Franklin L. Noel for a report and recommendation, ("R&R"). Magistrate Judge Noel found that it was unclear whether Petitioner was seeking review of (i) an underlying criminal conviction, (ii) his original civil commitment order, or (iii) a later state court decision that denied Petitioner's application for a discharge from MSOP. All three of those possibilities were addressed in Magistrate Judge Noel's R&R in Holly I.

Magistrate Judge Noel determined that Petitioner's civil commitment order could not be reviewed in a federal habeas corpus proceeding, because any claims challenging that order were barred by the one-year statute of limitations that applies to federal habeas corpus petitions. See 28 U.S.C. § 2244(d)(1). Magistrate Judge Noel concluded that "it is now too late for Petitioner to seek federal habeas review" of the commitment order. Holly I, R&R dated October 12, 2001, [Docket No. 7], p. 5.

Petitioner did not file any objection to Magistrate Judge Noel's R&R in Holly I. Therefore, the R&R was adopted by the presiding District Court Judge, James M. Rosenbaum, and Holly I was summarily dismissed. (Holly I, Order dated October 31, 2001, [Docket No. 8].[5]) Petitioner did not appeal that ruling.

---

attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

[5] Holly I was dismissed "without prejudice," because Magistrate Judge Noel determined that Petitioner could still seek further review of his ongoing civil commitment by using the discharge procedures provided by Minnesota law. However, Magistrate Judge

It is clear that Petitioner is presently seeking federal habeas corpus review of the same civil commitment order that was before the Court in Holly I. Thus, the Court finds that the present habeas corpus petition is a "second or successive petition," which must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[6] Under that rule, a federal district court cannot entertain a second

---

Noel clearly ruled that Petitioner's challenges to the commitment order at issue here were not reviewable on the merits, because those challenges were time-barred. The District Court Judge finalized that ruling by adopting Magistrate Judge Noel's R&R.

[6] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
    **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. **[Continued....]**

or successive application for habeas corpus relief filed by a state detainee, unless he has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the court of appeals in order for a district court to consider a second or successive application for habeas corpus relief); Clay v. Bowersox, 628 F.3d 996, 998 (8th Cir. 2011) ("[t]he Anti–Terrorism and Effective Death Penalty Act restricts the authority of a district court to consider 'second or successive' habeas corpus applications under 28 U.S.C. § 2254, and it requires authorization from a court of appeals before a second or successive application may be filed in the district court") (citing 28 U.S.C. § 2244(b)); Crawford v. Minnesota, 698 F.3d 1086, 1088 (8th Cir. 2012) ("[i]f a petition is second or successive, the court of appeals has a gatekeeping function to decide whether to grant preauthorization for it to be considered").

The petition now before this Court is Petitioner's second application for federal habeas corpus review of his civil commitment order. Because Petitioner's previous

---

**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

challenge to that order, in Holly I, was dismissed due to untimeliness, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161 (2009).

Petitioner might believe that he should be allowed to challenge his civil commitment order without a pre-authorization order from the Court of Appeals, because he is attempting to bring new claims that were not presented in Holly I. But that notion must be rejected. Even new claims based on new evidence cannot be raised in a second or successive habeas petition, without pre-authorization from the apposite federal appellate court. See Tompkins, 557 F.3d at 1260 (habeas claim based on new evidence cannot be entertained in a second or successive habeas petition without pre-authorization from the

court of appeals).  See also Crawford, 698 F.3d at 1088-89 ("the court of appeals may authorize a second or successive petition if 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence' and 'the facts underlying the claim ... would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense'") (quoting 28 U.S.C. § 2244(b)(2)(B)).

In sum, this Court cannot entertain another federal habeas corpus petition challenging Petitioner's civil commitment order, unless he first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals.  Therefore, this case must be summarily dismissed for lack of jurisdiction.  <u>The United States District Court for the District of Minnesota cannot entertain any habeas claims challenging Petitioner's civil commitment order, unless the Eighth Circuit Court of Appeals first grants him permission to file a successive habeas petition</u>.

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2).  (See n. 5, supra.)  If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims <u>in a new action</u>, <u>if he is able to secure a pre-authorization order from the Court of Appeals</u> as required by § 2244(b)(3)(A).[7]  Petitioner

---

[7] There is some case law suggesting that an action barred by § 2244(b)(3)(A) can be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather

is advised, however, that this District Court will not entertain any future habeas corpus petition pertaining to his civil commitment order, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[8]

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has not specifically attempted to meet that standard in his present submissions, it makes more sense to dismiss the present action (without prejudice), and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he now meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[8] Because the Court presently lacks jurisdiction in this matter, based on the procedural rules governing successive petitions, the timeliness of the present petition will not be addressed here. It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to show that his new petition is not barred by the one-year statute of limitations that applies to habeas corpus petitions brought under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d).

The Court also notes that Petitioner apparently has not presented any of his current claims for relief to the Minnesota state courts. If that is so, those claims presumably will not be reviewable in any future habeas corpus action, unless Petitioner first exhausts all available state court remedies, as required by 28 U.S.C. § 2254(b). See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

Here, it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide that Petitioner's current habeas corpus claims should be adjudicated on the merits in the present action. The Court finds nothing novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 2), be **DENIED**;

3. This action be summarily **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: July 10, 2013

    s/Leo I. Brisbois
LEO I. BRISBOIS
United States Magistrate Judge

# N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July 24, 2013**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.